UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAMONA G. TORRES,

        Plaintiff,

   v.

CARDENAS MARKETS, LLC, a foreign
limited liability company; DOES I-X; and ROE
CORPORATIONS I-X, inclusive,

        Defendants.

Case No. 2:24-cv-01032-GMN-EJY

**ORDER**

Pending before the Court is Defendant Cardenas Markets, LLC's Motion for Protective Order re 30(b)(6) Topics. ECF No. 22. The Court considered the Motion, the Opposition (ECF No. 24), and Reply (ECF No. 27). The Court finds as follows.

**I.    Relevant Background**

On March 12, 2025, the Court held a lengthy hearing regarding the then-pending Motion to Compel filed by Plaintiff. ECF No. 23. The Court granted Plaintiff's Motion, in part, ordering production of some documents requested. Defendant objected to a portion of the Order and that Objection remains pending at this time. The Court notes this history because, in large part, the Federal Rule of Civil Procedure 30(b)(6) deposition topics at issue in the instant Motion mirror, in scope, issues addressed by the Court at the March 12th hearing. Presently, Defendant seeks an order protecting it from having to prepare a 30(b)(6) witness on four topics identified by Plaintiff. These include Topics 22, 38, 39, and 48. Each is addressed below.

**II.    Discussion**

    A.    <u>The Applicable Standards</u>.

Federal Rule of Civil Procedure 26(c)(1) allows a party to move for a protective order to prevent annoyance, embarrassment, oppression, or the undue burden or expense of discovery. Fed. R. Civ. P. 26(c)(1). This Rule is designed to allow for "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Roberts v. Clark Cnty. Sch.*

*Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016).  "District courts possess 'wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection.'"  *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020)).  The party moving for a protective order has the burden of persuasion.  *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).  The burden is met by demonstrating a particular need for protection supported by specific facts, as opposed to broad allegations of harm.  *Swenson*, 336 F.R.D. at 208-09.

Under Federal Rule of Civil Procedure 30(b)(6), a business entity may be deposed resulting in the obligation to designate one or more individuals to testify on its behalf.  The testimony of a Rule 30(b)(6) deponent represents the knowledge of the entity, not the knowledge of the individual witness.  *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008).  To this end, the party seeking the deposition must issue a notice that "describe[s] with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  The business then must prepare the deponent "to fully and unevasively answer questions about the designated subject matter."  *Great American Insurance*, 251 F.R.D. at 539.  This duty to prepare "goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved."  *Risinger v. SOC, LLC*, 306 F.R.D. 655, 663 (D. Nev. 2015).  The deponent must be "thoroughly educated" on the topics.  *Great American Insurance*, 251 F.R.D. at 539.  These are "substantial responsibilities and burdens on the responding corporate party."  *Memory Integrity*, 308 F.R.D. at 661.

B.    The Disputed 30(b)(6) Topics.

Plaintiff's Topic 22 asks Defendant to prepare one or more witnesses to testify to the position and or location of all video cameras on January 18, 2023 at the Cardenas Market where Plaintiff fell.  This topic mirror Request for Production No. 26 discussed and ruled upon at the March 12, 2025 hearing.  The Court previously found Plaintiff's request for production was overbroad, but allowed production of screen shots pertaining to a limited number of cameras covering the area around where Plaintiff fell.  *See* ECF No. 27 at 3 (depicting the area of the Cardenas Market from which screen

shots were to be produced).  Neither Plaintiff nor Defendant objected to this portion of the Court's prior Order.

Plaintiff now seeks a small expansion of the position or location of cameras previously permitted by the Court.  That is, in addition to asking questions related to the cameras stationed as locations numbered 14, 18, 19, 20, and 23, depicted by Defendant at ECF No 27 at 3, Plaintiff seeks "to [also] ask whether there are any security cameras near [locations numbered] 15, 16, and 17 that would point in the direction of [Plaintiff's] fall.  ECF No. 24 at 7.  This inquiry is not so broad or burdensome such that it materially changes what the Court previously ordered.  Moreover, Defendant fails to offer specific facts to support a contrary decision.

The Court adopts its reasoning and ruling from the March 12, 2025 hearing.  Plaintiff may ask questions regarding the position and location of security cameras at the locations numbered 14, 18, 19, 20, and 23, as well as security cameras at or near the locations numbered 15, 16, and 17, all of which are depicted in the diagram at ECF No. 27 at 3.  Accordingly, to the extent the inquiry regarding cameras near the locations numbered 15, 16, and 17 is contrary to Defendant's position in the Motion for Protective Order, the Motion is denied.

Topic 38 asks Defendant to prepare a witness to speak to trips or falls at any Cardenas Market in Clark County over the five years preceding Plaintiff's fall.  This mirrors Request for Production No. 6 addressed on March 12, 2025.  The Court ordered Defendant to produce a "loss run" report for slip and falls between January 18, 2020 and January 18, 2023 at the six Las Vegas area Cardenas Market locations.  Defendant objected to this Order to the extent it requires production of information regarding stores other than the store at which Plaintiff fell.  *See* ECF No. 26 at 6. However, Plaintiff presented information demonstrating that Defendant's markets share information across its stores such that events at a location other than where Plaintiff fell is proportional to the needs of the case as such information may support the at-issue element of foreseeability applicable to this dispute.

The Court finds Topic 38 is properly limited to slip and falls between January 18, 2020 and January 18, 2023 at all six Las Vegas Cardenas Market stores.  However, given that Defendant's Objection remains pending at this time, the Court, *sua sponte*, stays this Order until such time as the

pending Objection is ruled upon.  If the Objection is overruled, inquiry into Topic 38 is limited as stated.  If the Objection is sustained, the parties will be required to meet and confer regarding how, if at all, this topic may be modified to comply with the Order of the Court.

Topic 39 asks the Defendant's 30(b)(6) to be prepared to testify to facts relied upon to support affirmative defenses.  Defendant argues that this topic should be converted to interrogatories as there is a risk of prejudice given the likelihood that affirmative defenses will require testimony implicating legal issues and the witness appearing will lack the legal training necessary to respond.  As discussed by the court in *Woods v. Standard Fire Insurance Company*, 589 F.Supp.3d 675, 684-85 (E.D. Kentucky 2022):

> [T]here is a split in authority on this issue.  *See, e.g., Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, 273 F.R.D. 689, 691 (D.N.M. 2011) ("Courts have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories.").  Some courts have precluded parties from using Rule 30(b)(6) depositions to probe legal claims and theories.  *See, e.g., Fox v. Amazon.com, Inc.*, No. 3:16-cv-3013, 2017 WL 9476870, at *5 (M.D. Tenn. Sept. 21, 2017) ("[T]he decision to admit or deny the allegations in the complaint is a decision made by counsel at the time the answer was filed.  That decision by counsel is privileged."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding that a party's attempt to discover facts supporting a defendant's denials and affirmative defenses "implicate[d] serious privilege concerns").  The rationale supporting this position is … that such questioning may infringe upon or possibly reveal attorney impressions.
>
> Conversely, other courts have permitted such deposition topics to the extent that the underlying facts, not attorney impressions, are at issue.  *See, e.g., Yerkes v. Weiss*, No. CV 17-2493 (NLH/AMD), 2019 WL 12056384, at *6 n.2 (D.N.J. Sept. 30, 2019) (analyzing propriety of Rule 30(b)(6) questions using standards for Rule 33 contention interrogatories); *Dennis v. United States*, No. 3:16-cv-3148-GBN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017) (explaining that contention interrogatories seeking the factual basis of a denial is not protected work product, and that "[t]he same analysis applies to a Rule 30(b)(6) deposition topic seeking the identification of facts"); *see also Radian Asset Assur., Inc. v. College of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 692 (D. New Mexico 2011) (stating that "allow[ing] parties to craft [Rule] 30(b)(6) inquiries ... advances the policy underlying the rules favoring disclosure of information").

Defendant raises the issues of legal versus factual inquiry and contends interrogatories are the better tools for exploring an opponent's legal theories.  ECF No. 27 at 5.  Defendant dismisses Plaintiff's contention that she only seeks facts, arguing that "at its core" Topic 39 "requests a legal analysis." *Id*. at 6.

The five affirmative defenses asserted by Defendant include: (1) Plaintiff was comparatively negligent; (2) the hazard Plaintiff alleges was open and obvious; (3) the event alleged in the complaint was caused by an intervening, superseding cause; (4) the event alleged in the complaint was solely caused by a non-party; and (5) Plaintiff did not mitigate damages. Each of these defenses is a legal concept the nuances of which are not generally understood by non-lawyers. By way of example only, a question asking a 30(b)(6) witness to testify to facts the business entity contends supports its assertion that a plaintiff was "comparatively negligent" would not be knowledge ordinarily possessed by a fact witness, even a 30(b)(6) fact witness, unless that witness had legal training. Moreover, a witness unfamiliar with the legal standards applicable to comparative negligence might inadvertently respond in a manner contrary to the position of the company on whose behalf the witness is appearing and testifying. On the other hand, and again by way of example only, questions such as: "Do you contend the Plaintiff caused the liquid to spill on the floor?" and "Do you contend Plaintiff slipped in the liquid she spilled?" address facts applicable to comparative negligence, but do not ask the witness to address that legal concept. While Plaintiff's intent may be to address facts only, the topic seeking a person most knowledgeable about "comparative negligence" fails to make that clear.

The Court finds the Topic 39, as stated, calls for a witness to be most knowledgeable about facts relevant to a legal concept—here comparative negligence—without the reasonable specificity that would allow Defendant to prepare the witness as it must. Therefore, the Court grants Defendant's request for a protective order as to Topic 39, but does so without prejudice to Plaintiff. The Court orders the parties to meet and confer regarding amending this deposition topic such that Plaintiff's intent and the scope of the topic is clear.

Finally, the parties agree on the scope of deposition Topic 48. Thus, the Court need not address this topic except to adopt the Court's ruling limiting Topic 48 to inquiry regarding safety reports for a six month period, covering Defendant's Nevada stores and general liability incidents only.

1    **III.    Order**

2         IT IS HEREBY ORDERED that, consistent with the contents of this Order, Defendant

3 Cardenas Markets, LLC's Motion for Protective Order re 30(b)(6) Topics (ECF No. 22) is

4 GRANTED in part, DENIED in part, moot in part, and held in abeyance in part until Defendant's

5 Objection to the Court's March 12, 2025 Order is ruled upon.

6         IT IS FURTHER ORDERED the parties must meet and confer regarding Topic 39.  The

7 meet and confer must take place by telephone, video conference or in person and must occur no later

8 than **July 15, 2025**.  The parties are to discuss with greater specificity what it is Plaintiff seeks to

9 inquire into, and work to come to agreement on the scope of this Topic.  If the parties are

10 unsuccessful in reaching an agreement, they **must** file a single status report in which each party's

11 position is provided to the Court.  No motion to compel or for protective order need be filed on this

12 issue.  The Court will then issue a written order or hold a hearing to resolve the issue presented.

13         Dated this 19th day of June, 2025.

14

15

16 _____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28