UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMONA G. TORRES, | Case No. 2:24-cv-01032-GMN-EJY |
| Plaintiff, | |
| v. | ORDER |
| CARDENAS MARKETS, LLC, a foreign limited liability company; DOES I-X; and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Pending before the Court is Defendant Cardenas Markets, LLC's Motion to Compel Responses to Contention Interrogatories. ECF No. 29. The Court considered the Motion, the Opposition (ECF No. 30), and Reply (ECF No. 31). The Court finds as follows.

**I.    Relevant Factual Background**

On January 9, 2025, Defendant Cardenas Market ("Defendant") served three contention interrogatories on Plaintiff. ECF No. 29-1. The interrogatories ask Plaintiff to "specifically identify … evidence" she contends "demonstrates" Defendant: (1) knew of the hazard on the floor that allegedly caused her to fall was a "virtually continuous condition"; (2) could or should have known of the hazard on the floor before Plaintiff fell; and (3) had actual notice of the hazard on the floor that allegedly caused Plaintiff to fall. *Id.* at 2. Each of the interrogatories also asks Plaintiff to explain why she believes the evidence supports her contention. *Id*. Plaintiff objected to the interrogatories stating they were overbroad, vague, seek attorney work product, and violate the attorney client privilege. Plaintiff argues that in order to respond to each interrogatory she must speak with counsel and review and "identify evidence" that would be labor intensive and time consuming. ECF No. 29-2 at 3-4. Plaintiff further states that identifying the evidence and providing the basis for how the evidence supports her contentions requires legal knowledge that invades the attorney client privilege. *Id*. Plaintiff then refers Defendant to her disclosure of documents at

Exhibits 1, 2, 3, and 4, as well as to all witness testimony. *Id.* Plaintiff reserves the right to introduce any and all evidence and witnesses to support her claim. *Id.*

II. **Discussion**

When a party fails to respond to requested discovery, the party propounding the discovery may move to compel that discovery. Fed. R. Civ. P. 37(a). Nonetheless, broad discretion is vested in the district court to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Here, in an effort to avoid the demanded responses to Defendant's Interrogatories 23, 24, and 25, Plaintiff cites to California state law and a decision from the Eastern District of Pennsylvania for the proposition that discovery may not be obtained on an opposing party's legal reasoning or theories. ECF No. 30 at 3-4.[1] More directly on point is Plaintiff's citation to *Johnson v. Ocean Ships, Inc.*, Case No. C05-5615, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006), in which the court held that asking for exact documents and witnesses an opposing party will use to support affirmative defenses would reveal the attorney's mental impressions and thus invade the protections of attorney work product. The Western District of Washington decision relied upon a Third Circuit decision finding that identifying a select group of documents an attorney provided to a deponent in preparation for a deposition invaded the work product doctrine. *Sporck v. Peil*, 759 F.2d 312 (3rd Cir. 1985). Historically, the District of Nevada historically expressed agreement "with those courts that have held that opposing counsel is not entitled to materials as organized by plaintiffs' counsel." *In re Western States Wholesale Natural Gas Antitrust Litigation*, Base Case No. 2:03-cv-01431-RCJ-PAL, 2017 WL 2991347, at *8 (D. Nev. Jul. 12, 2017) *citing e.g.*, *Sporck*, 759 F.2d at 318;

---

[1] The Court notes that in the Motion, Defendant cites to *Cardoza v. Bloomin' Brands*, Case No. 2:13-cv-1820-JAD-NJK, 2015 WL 3875916, at *1 (D. Nev. Jun. 22, 2015) and *Wide Voice, LLC v. Sprint Communication Company L.P.*, Case No. 2:15-cv-1604-GMN-VCF, 2016 WL 11507772, at **1-2 (D. Nev. May 19, 2016). ECF No. 29 at 4. These cases analyzed the timing of contention interrogatories—that is, whether they were premature—which is not at issue here. Further, in each case the propounding party expressly sought the identification of facts, not the identification of evidence. *Id*. In the discussion below, the Court addresses the distinction between these two concepts.

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.5 (3rd ed.) (stating "where the documents reviewed by the witness have already been produced, there is no justification for requiring revelation by counsel of the exact identity or sequence of materials actually reviewed").

While the above cases mostly address deposition preparation and identification of a subset of documents used to prepare a witness, cases addressing identification of evidence in response to contention interrogatories take more varied approaches. In *Oliva v. Cox Communications Las Vegas, Inc.*, Case No. 2:18-cv-01718-RFB-NJK, 2018 WL 6171780, at *2 (D. Nev. Nov. 26, 2018), the court stated: "It is proper for a party to propound contention interrogatories seeking identification of the opposing party's positions and the evidence in support of those positions." *Id. citing* Fed. R. Civ. P. 33(a)(2) and *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). In contrast, the court in *Hawthorne v. Bennington*, Case No. 3:16-cv-00235-RCJ-CLB, 2020 WL 3884426, at *8 (D. Nev. Jul. 8, 2020), held: "Courts have routinely found interrogatories that request a party to detail 'all evidence' for all the issues of a case improper and beyond the scope allowed in a single interrogatory." The court in *Hawthorne* cited *In re Dealer Mgmt. Sys. Antitrust Litig.*, Case No. 18 C 864, 2019 WL 6498081, at *5 (N.D. Ill. Dec. 3, 2019), upholding an objection to an interrogatory requesting a party detail "all evidence that you believe support your counterclaims," and *Luken v. Christensen Grp. Inc.*, Case No. C16-5214 RBL, 2017 WL 5483782, at *2 (W.D. Wash. Nov. 15, 2017) (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) in which the court stated "[n]umerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

Here, the focus is on Plaintiff's objections asserting overbreadth and work product protection. To the extent Defendant argues Plaintiff did not establish overbreadth, Defendant itself twice offers a single sentence that does not establish the parties met and conferred regarding this objection and or why Plaintiff's objections are insufficient. ECF No. 29 at 2:4-5, 4:20-21. "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva*, 2018 WL

3

1  6171780, at *4.  In sum, Defendant's Motion does not provide a meaningful argument as to Plaintiff's objection based on overbreadth (in which Plaintiff states to provide the information requested would require a "laborious" and "time-consuming" analysis of all evidence in the case). Courts only address well developed arguments, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013), a requirement that applies with equal force to discovery motion practice. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, Case No. 2:15-cv-01576-MMD-NJK, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018).

With respect to Defendant's argument that Plaintiff waived her attorney work product objection (among others not applicable to the Court's decision[2]), the argument is first presented in Defendant's Reply.  *See* ECF No. 29 (Defendant's Motion offering no argument regarding waiver) *compare* ECF No. 31.  Any of Defendant's arguments challenging Plaintiff's objections for the first time in its Reply are not considered by the Court.  "[D]istrict court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted).

The above said, to the extent Defendant contends the work product doctrine does not protect the discovery of facts, the Court agrees; however, the question here is not whether Defendant is entitled to facts, but whether Defendant is entitled to the identification of a subset of evidence that support Plaintiff's theory of negligence.  The Court considers whether the identification of this subset of evidence need not be disclosed.

The Court finds had Defendant's interrogatories sought the identification of facts (rather than an identification of evidence) on which Plaintiff bases her contention that Defendant knew or should have known of the hazard on the floor, and or that the hazard was a continuous condition, Plaintiff would have been required to provide responses.  Defendant would also have been entitled to an explanation why Plaintiff believes the facts identified support Plaintiff's contention.  However, evidence and facts are not identical concepts.  Instead, evidence is used to prove facts at issue in a case.  As Federal Rule of Evidence 401(a) states, the test for relevant evidence is whether that

---

[2]  For example, the Court does not discuss attorney client privilege because a list of evidence does not invade that privilege.  It does not disclose the content of advice sought or obtained, but rather could, at least potentially, disclose work product—the mental impressions and legal analysis engaged in by counsel.

4

evidence "has any tendency to make a fact more or less probable than it would be without the evidence."

Defendant may have intended its interrogatories to seek facts (for example, *see* ECF Nos. 29 at 2 ¶ 3 (Defendant "was asking for facts"), 31 at 2 (stating: "[e]ach asks Plaintiff to explain how she believes the law applies to the facts for a mandatory element of her negligence cause of action")); however, the interrogatories do not ask generally for facts. Rather, each of Defendant's three interrogatories demand the specific identification of evidence regarding the element of Plaintiff's negligence claim necessary to establish a breach of duty. This implicates the work product doctrine. "Where the selection, organization, and characterization of facts reveals the theories, opinions, or mental impressions of a party or the party's representative, that material qualifies as opinion work product." *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554 (C.D. Cal. 2003) (internal citation omitted). Courts have rejected an interpretation of Rule 26 providing "protection only for an attorney's mental impressions that are contained in 'documents and tangible things.'" *Connolly Data Systems v. Victor Technologies*, 114 F.R.D. 89 (S.D. Cal. 1987) *citing Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360 (E.D. Pa. 1979); *Phoenix Nat. Corp. v. Bowater United Kingdom Paper Ltd.*, 98 F.R.D. 669 (N.D. Ga. 1983); *International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 41 (2nd Cir. 1975) (comments and questions of IBM's counsel in witness interview deemed "work product."); *United States v. I.B.M. Corp.*, 79 F.R.D. 378, 379-80 (S.D.N.Y. 1978). Opinion work product includes such items as an attorney's legal strategy, intended lines of proof, evaluation of the strengths and weaknesses of the case, and the inferences drawn from interviews of witnesses. *Id*. at 96.

Here, the Court exercises its board power to control and manage discovery, as well as its duty to fulfill Federal Rule of Civil Procedure 1's overriding policy goals, by striking a balance between Defendant's apparent intent and an order that would preclude responses to the at-issue interrogatories by sustaining Plaintiff's opinion work product objection. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."). To this end, the Court reasonably interprets Defendant's interrogatories to request,

|   |   |
|---|---|
| 1 | and requires Plaintiff to respond to, the following: (1) the identification of facts supporting the contention that Defendant knew or should have known of the hazard on the floor; (2) if applicable, facts supporting the contention that Defendant had actual knowledge of the hazard on the floor on which Plaintiff contends she slipped; and (3) if Plaintiff contends the hazard was a virtually continuous condition, the facts supporting this contention. To the extent documents have been produced that support Plaintiff's responses, Plaintiff must identify such documents. If there are witnesses who will testify to such facts, Plaintiff must identify such witnesses. *Travelers Cas. and Sur. Co. of America v. Dunmore*, Case No. CIV. S-07-2493 LKK/DAD, 2012 WL 3704919, at *3 (E.D. Cal. Aug. 27, 2012) (finding no abuse of discretion when the magistrate judge reasonably interpreted discovery requests); *Kolker v. VNUS Medical Technologies, Inc.*, Case No. C 10–0900 SBA (PSG), 2011 WL 5057094, at *6 (N.D. Cal. 2011) (noting that "courts generally approve" interrogatories that seek "the identity of witnesses or documents"). |

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Compel Responses to Contention Interrogatories (ECF No. 29) is GRANTED in part and DENIED in part consistent with the contents of this Order.

IT IS FURTHER ORDERED that Plaintiff must provide supplemental responses to the revised interrogatories, stated above by the Court, no later than **fourteen (14) days** after the date of this Order unless the parties choose to negotiate a modification to the Court's revised interrogatories and the due date for responses.

IT IS FURTHER ORDERED that if there is **any** disagreement regarding the terminology or due date for amended responses that cannot be resolved by the parties, the parties **must** file with the Court a single status report in which their respective positions are stated. To expedite resolution, the parties may seek a hearing at which the Court will work with the parties to find an appropriate outcome. If no agreement can be reached, the Court may issue a written order.

IT IS FURTHER ORDERED that if an objection to this Order is filed, the Order is stayed pending resolution of the objection.

Dated this 23rd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE